

Gerald T. O'Hara, Boston, Mass., Hill, Barlow, Goodale & Wiswall and John L. Saltonstall, Jr., Boston, Mass., Withington, Cross, Park & McCann and Edward C. Park, Boston, Mass., for plaintiffs.

Nutter, McClennen & Fish and Arthur E. Whittemore, Boston, Mass., for defendants.

FORD, District Judge.

National Screen Service Corporation (hereinafter designated as NSS), one of several defendants in this case, objects to numerous interrogatories propounded by plaintiffs. The case alleged against the other defendants is that they joined in a nation-wide conspiracy to violate the anti-trust laws, and in particular to perpetuate a monopoly enjoyed by the Warner defendants of the exhibition of motion pictures in the Newburyport, Massachusetts area, to the injury of plaintiffs as independent exhibitors in that area. Except for a general allegation that NSS has monopolized commerce in "trailers" and other motion picture advertising material throughout the United States, the only specific allegation against it is that it joined with the other defendants in the conspiracy relative to the Newburyport area and aided in the carrying out of the purpose thereof by discriminations in prices and allowances against plaintiffs.

The interrogatories to which defendant objects would require it to give detailed in-

**BURROUGHS et al. v. WARNER BROS. PICTURES, Inc. et al.**

Civ. A. 50–945.

United States District Court
D. Massachusetts.

April 23, 1953.

166

formation as to its corporate organization and history, its relationships not only with Warner but also with the other major motion picture companies, its interests in other businesses, complete details of its business agreements with all motion picture producers and distributors, the customary terms on which it made its products available, the consideration charged therefor, its methods of computing prices, the total amount of its revenues, its business and business affiliations in foreign countries, and its practices relative to copyrights on its "trailers" and similar material. Most of the interrogatories cover the period from 1946 to 1950, but some require information for the whole period of defendant's corporate existence. The information required is for the whole United States and in some cases for foreign countries as well. In addition, some of the interrogatories ask information as to other companies engaged in the same business as NSS and as to the knowledge which NSS has as to the amount of business which they carried on.

The task of answering these interrogatories would apparently be a burdensome one, involving an extensive search through its records, and the compilation of a voluminous amount of data. More important, however, is the fact that in the light of the allegations of the complaint, the information requested seems to have little relevance. This information would be of importance if there was a claim that NSS was a participant with the other defendants in the nation-wide conspiracy with which they are charged, and which is the foundation of the complaint against them. NSS, however, is alleged only to have joined with them in the local phase of that larger conspiracy.

The interrogatories in question are too sweeping in their scope to be justifiable on the basis of that allegation, and defendant should not be required to assume the burden of answering them. Application of Zenith Radio Corporation, D.C., 1 F.R.D. 627, 630.

Defendant's objections to interrogatories are sustained.