**William Ody WASHINGTON,**
Appellant,

v.

**Arthur E. SUMMERFIELD, Postmaster General of the United States, and Philip Young et al., Commissioners, United States Civil Service Commission, Appellees.**

**No. 12644.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 3, 1955.
Decided Nov. 23, 1955.

---

Mr. Frank Smith, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and William F. Becker, Asst. U. S. Attys., were on the brief, for appellees.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This suit was initiated in the District Court by the filing of a complaint for a judgment declaring that appellant's (plaintiff's) removal from his position as clerk in the Post Office Department was not in accordance with law, and praying for reinstatement to his position. After answer, each party moved for summary judgment. The motions were referred to the Commissioner of Veterans' Cases, who in his report and opinion recommended that the appellant's motion be denied and appellee's motion for summary judgment be granted. Some time thereafter the District Court entered an order denying appellant's motion and granting appellee's motion for summary judgment. This appeal followed.

Appellant's allegations, set forth in detail in the complaint, may be reduced to: (1) the Post Office Department denied him, as a veterans preference eligible, an opportunity to answer charges *in person* within said department; (2) certain charges of delinquency and improper demeanor on the job were not communicated to appellant in the original letter of charges; and (3) procedural violations in points 1 and 2 were not cured by the trial processes of the Civil Service Commission.

Appellee's answer admitted that appellant was a veterans preference eligible. It was urged, however, that no rights of appellant were violated in his removal from service; and, as an affirmative defense, it was alleged that the complaint failed to state a claim upon which relief may be granted and that the subject matter of the complaint was barred by

laches. The defense of laches apparently is not pressed.

Since it is obvious that appellant's third point, referred to above, depends in great part on consideration of the other two, we shall treat counts one and two, and do so in reverse order.

■ The record indicates that on October 16, 1952 appellant was charged by the Postmaster for the District of Columbia with unsatisfactory scheme examinations [1] and unsatisfactory attendance. Details with respect to each charge were set forth. Appellant personally responded in writing to these charges on October 21, 1952. His answer concluded with a request for "an opportunity to come in to see you [the Postmaster] personally. * * *"

On October 29, 1952, the Postmaster forwarded a copy of the letter of charges, dated October 16, 1952, and appellant's answer, dated October 21, 1952, to the Assistant Postmaster General with a request that authority be issued for the employee's removal. The covering letter of October 29 set forth certain additional irregularities not contained in the letter of charges served on appellant. On November 8, 1952, the Assistant Postmaster General advised appellant that his removal was authorized effective November 22, 1952. This letter mentioned specifically *only* the charges preferred against appellant for unsatisfactory scheme examinations and unsatisfactory attendance. The Postmaster, in a formal notice of removal dated November 7, 1952, also stated that removal was based on consideration of the charges preferred against appellant for unsatisfactory scheme examination and unsatisfactory attendance. Thereafter appellant's removal was sustained by the Board of Appeals and Review of the Civil Service Commission, and finally by the Commissioners on May 25, 1954.

The record discloses that the notice of charges served on appellant advised him specifically and in detail that the reasons for his proposed removal were (1) his unsatisfactory scheme examinations, and (2) his unsatisfactory attendance. The fact that additional statements as to appellant's conduct were contained in the covering letter is of no consequence as the reasons for appellant's removal were those contained in the written charges.

■ It definitely appears that the Civil Service Commission Examiner inquired only into the sufficiency of the charges of unsatisfactory scheme examinations and unsatisfactory attendance, which were charges actually communicated to appellant. Indeed, appellant in his complaint specifically so alleged and argues on that account, by treating only of proper charges, the hearing examiner "unlawfully arrogated to himself the duties" of the Department. There is no substance to this claim, for appellant was accorded every procedural safeguard to which he was entitled. Cf. Blackmon v. Lee, 1953, 92 U.S.App.D.C. 268, 205 F.2d 13.

■ With respect to the refusal of appellant's supervisor to confer with appellant before recommending his discharge, we feel that such a claim is contrary to the well established principle that the courts will not interfere with the managerial functions of executive officers. The Veterans' Preference Act, Sec. 14, Act of June 27, 1944, c. 287, 58 Stat. 390, 5 U.S.C.A. § 863, provides that a veterans preference eligible "shall be allowed a reasonable time for answering the same [the charges] personally and in writing". It does not provide for a conference or "minimal hearing," as appellant would urge. We conclude that this means that he shall personally answer the charges in writing. Such has been the administrative practice, with which, in the absence of a misconstruction of the governing statute, we should not interfere. Our view is buttressed by the fact that, on appeal to the Civil Service Commission from an adverse decision, it is provided that such preference eligible "shall have the right to make a per-

1. It was explained that mail is sorted and readied for distribution according to an intra-office "scheme," as to which the examinations here referred.

sonal appearance, **or an** appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; * * *." It would seem clear that the difference in language, all appearing in Section 14, indicates that there is a difference between answering the charges "personally and in writing" and the right to "make a personal appearance."

This court recently, in Thomas v. Ward, 96 U.S.App.D.C. 302, 225 F.2d 953, 956, held that an administrative ruling on a question of law would be accepted if reasonable, unless there were "compelling considerations to the contrary". We find no such considerations in the instant case.

Affirmed.