**Senta S. ROGERS, Appellant,**

v.

**Luther H. HODGES, Secretary of Commerce, et al., Appellees.**

**No. 16293.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 18, 1961.

Decided Nov. 9, 1961.

As Amended on Denial of Rehearing Before the Division Dec. 6, 1961.

Petition for Rehearing En Banc Denied Dec. 6, 1961.

Mr. Andrew A. Lipscomb, Washington, D. C., for appellant.

Mr. Robert Brewer Norris, Asst. U. S. Atty., Washington, D. C., with whom Messrs. David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., and Harold D. Rhynedance, Jr., Asst. U. S. Atty., were on the brief, for appellees. Mr. Nathan J. Paulson, Washington, D. C., entered an appearance for appellees.

Before Mr. Justice REED, retired,* and EDGERTON and FAHY, Circuit Judges.

PER CURIAM.

The plaintiff appeals from a judgment for the defendant in a suit for reinstatement in plaintiff's former position in the National Bureau of Standards.

The Board of Appeals and Review of the Civil Service Commission denied appellant's application for a delayed appeal

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.Code.

from her discharge resulting from a reduction in force on the ground that "While you were hospitalized until May 23, you have made no showing that circumstances beyond your control prevented you from filing your appeal before August 30, and in the absence of such a showing, there is no valid justification for waiving the time limit in your case."

It does not appear that the administrative officials failed to follow correct procedures or that they acted arbitrarily, either in rejecting her original request for an extension on the basis of the reasons she had then submitted or in not exercising their discretion to reconsider their action under 23 F.R. 7421, 7423 (Sept. 24, 1958), 5 C.F.R. 20.9(e) (1961).

Appellant did not attempt to show the Board any reason for her failure to meet their objection. Of course, we do not pass on the question of the propriety of the Civil Service Commission's rejection of her appeal if, in the future, she adequately explains to that agency her failure to take timely action.

Affirmed.