Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for the pay of which he says he has been deprived, alleging that the grounds for his discharge from the Air Force were not supported by substantial evidence, that the administrative procedure was defective, and that the action of the Air Force in discharging him was arbitrary and capricious.
■Defendant moves for summary judgment on the ground plaintiff did not exhaust his administrative remedy in failing to appeal, after final adverse action of the Air Force, to the Civil Service Commission.
Under the circumstances of this case, we do not thin It plaintiff was required to appeal to the Civil Service Commission. While, ordinarily, plaintiff must take such an appeal before coming to this court, we think he is excused from doing so where he is offered alternative procedures, either through the agency’s grievance procedure or through the Civil Service Commission, and is told that if he chooses one he cannot pursue tibe other. Here plaintiff was advised of his right to appeal to the Civil Service Commission, but was informed that, if he did so, he would not be permitted to pursue the agency grievance procedure. On the other hand, the Civil Service Commission required that he file an appeal to it within 10 days of the adverse action against him. Since the agency grievance procedure was had after the effective date of his discharge, he was forced to choose one or the other.
The only way an employee can have the benefit of both procedures is by a postponement of the effective date of his discharge until after conclusion of the agency grievance proceedings. If such a procedure commends itself to the agency, it could put the employee on leave without pay, pending the outcome of .the grievance procedure. But where the employee *46 is required to choose one procedure or the other, he is not barred from suing in court for failure to choose the remedy of appealing'to the Civil Service Commission. As we said in Cuiffo v. United States, 131 Ct. Cl. 60, 137 F. Supp. 944, and in Adler, et al. v. United States, 134 Ct. Cl. 200, 146 F. Supp. 956, cert. denied 352 U.S. 894, his appeal to the Civil Service Commission is not mandatory and may be waived by the court in circumstances such as we have here.
Monday v. United States, 146 Ct. Cl. 6, cert. denied, 361 U.S. 965, is not in conflict. Plaintiff in that case did not appeal to the Civil Service Commission until some 50 days after final action by the agency.
Plaintiff says the regulations of the Air Force permit him to designate witnesses in his behalf and requires the Air Force to endeavor to produce them. He says he asked that' Airman Clarence Blythe be produced to testify, but that this was not 'done, although Blythe was available and physically present at the Air Force base where the grievance proceedings were held. He supports this by affidavit. No counter-affidavit has been filed. However, only the defendant has filed a motion for summary judgment. Its motion is denied. In the absence of a motion for summary judgment by plaintiff, we must remand the case to the Trial Commissioner for further proceedings.