**Woodrow STUDEMEYER, Appellant,**

v.

**John W. MACY, Jr., Chairman, U. S. Civil Service Commission, et al., Appellees.**

**No. 17465.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1963.

Decided June 26, 1963.

---

See, also, 320 F.2d 797.

Mr. Claude L. Dawson, Washington, D. C., with whom Mr. Donald M. Murtha, Washington, D. C., was on the brief, for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert B. Norris, Asst. U. S. Attys., were on the brief, for appellees.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

■ This is an appeal from a judgment of the District Court dismissing a complaint filed there by appellant to obtain a declaratory judgment that his discharge as a civilian employee of the Department of the Air Force at the Charleston Air Force Base was illegal, and for related relief. We find no error in the procedures followed by the officials who have participated in the matter. There may be ground for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that of appellant's superiors, whose action has been sustained by the Civil Service Commission and the District Court. We accordingly affirm.

Appellant, a veteran preference eligible, was given adequate notice by the Commanding Officer of the squadron or unit concerned of the proposed personnel action and of the reasons [1] therefor, and was advised he could answer the charges in person or in writing. He denied the charges in writing and requested a hearing "before the head of the agency." The squadron Commanding Officer made himself available to discuss the case with appellant, who did not pursue this opportunity or request any other. Thereafter appellant was advised the charges of insubordination were sustained and that his removal was necessary to promote the efficiency of the service. He was then removed. He appealed to the Fifth Regional Office of the Civil Service Commission, which held a hearing and sustained the removal. He then appealed to the Board of Appeals and Review of the Civil Service Commission, which took like action; and upon the Commission denying his request for further review appellant filed his action in court.

1. The primary reason was insubordination, but the notice of proposed removal also referred to other disciplinary action of a

minor character in appellant's past record.

As to appellant's claim that he was entitled to a hearing "before the head of the agency," or the base commander as the expression seems to have been used here, we note that the statute, Sec. 14 of the Veterans' Preference Act, 5 U.S.C. § 863, says the "preference eligible shall be allowed a reasonable time for answering the [notice of proposed discharge for reasons given] personally and in writing" before a decision by the administrative officer is made. We think appellant was accorded this right, and this seems all that was required by this clause of the statute. See Hart v. United States, 284 F.2d 682 (Ct.Cl.1960).

The contention of appellant that the procedure which resulted in his original removal by the same officer who lodged the charges against him deprived him of his position without due process of law is without merit. Due process of law does not require a "particular form of procedure; it protects substantial rights." National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381 (1938). And the Supreme Court has often pointed out that due process of law may require a procedure in some circumstances different from that required in others. Hannah v. Larche, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). And see Federal Communications Comm'n v. WJR, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949). Here we are concerned with due process as it pertains to the discharge of a government employee for a cause which has no such impact upon his reputation as was dealt with, for example, in Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). The fact that the discharge was brought about by one who gave the notice of the proposed action, containing the reasons therefor, followed by the review procedures we have described, is not so unreasonable or fundamentally unfair as to be violative of due process of law. Particularly is this so when an interview proffered by the unit Commanding Officer was not in fact accepted. Furthermore, when a hearing before the Fifth Regional Office of the Civil Service Commission was held no point was made of any possible bias on the part of the charging officer. Cf. Federal Trade Comm'n v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948).[2]

Affirmed.

2. We note in this regard that § 5(c) of the Administrative Procedure Act, 5 U.S.C. § 1004(c), requiring a separation of functions of an agency does not apply internally "to the agency or any member or members of the body comprising the agency."