Clarence **STUDEMEYER**, Appellant,

v.

John W. **MACY**, Jr., Chairman, U. S. Civil Service Commission, et al., Appellees.

No. 17464.

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1963.

Decided July 5, 1963.

Mr. Claude L. Dawson, Washington, D. C., with whom Mr. Donald M. Murtha, Washington, D. C., was on the brief, for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert B. Norris, Asst. U. S. Attys., were on the brief, for appellees.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Insofar as this case presents issues in common with those decided in Studemeyer v. Macy, 116 U.S.App.D.C. ——, 321 F.2d 386, it is controlled by the decision in that case. In view, however, of

---

the additional question raised in the instant appeal separate consideration is warranted and has led us to obtain supplementary memoranda from the parties in light of the Supreme Court's recent decision in Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). The question relates to appellant's letter to the civilian Personnel Officer of the Charleston Air Force Base, dated November 28, 1960, in connection with a hearing before the Fifth Regional Office of the Civil Service Commission on December 9, 1960. In this letter he requested that the officer have certain named personnel, from most of whom affidavits had been taken in the matter of appellant's discharge of November 1, 1960, attend the hearing. Appellant did not undertake to contact these persons wanted as witnesses; but certain Air Force regulations provide, in pertinent part,

> "Official information will be made available for use in litigation, and military and civilian personnel will be permitted to testify concerning such information in its files if material and relevant to the litigation * * * [1] [and] [t]he Judge Advocate General, U.S.A.F., is responsible for * * * [a]uthorizing the release of Air Force information to be used in prospective and pending litigation".[2]

In light of Williams v. Zuckert, supra, we cannot say that appellant was clearly entitled to no relief in the District Court. For if in fact the Air Force authorities reserve the right to permit or forbid its military or civilian personnel to appear in such proceedings (which, it appears, may be included within the term "litigation"), anything which appellant might have done independently in addition to making the request might have been unavailing.

The case is remanded to the District Court with instructions "to hold a hearing and determine whether the petitioner, desiring the presence of witnesses at his hearing, either discharged his initial burden under the applicable regulations by making timely and sufficient attempt to obtain their presence or, under the circumstances and without fault of his own, was justified in failing to make such attempt, and, if so, whether proper and timely demand was made upon the Air Force so that it was required to produce such witnesses for cross-examination. Upon making such determination, the District Court shall thereupon enter such further order or judgment as may be appropriate." Williams v. Zuckert, supra.

It is so ordered.

---

1. 32 C.F.R. § 804.403 (Supp.1963).

2. 32 C.F.R. § 804.404 (Supp.1963).