Clarence STUDEMEYER, Plaintiff,

v.

John W. MACY, Jr., Chairman, U. S. Civil Service Commission, Frederick J. Lawton, Member, U. S. Civil Service Commission, Robert E. Hampton, Member, U. S. Civil Service Commission, and Eugene M. Zuckert, Secretary of the Air Force, Defendants.

Civ. A. No. 909-62.

United States District Court
District of Columbia.

April 9, 1964.

Claude L. Dawson, Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty. for the District of Columbia, Robert B. Norris, Asst. U. S. Atty. for the District of Columbia, Washington, D. C., for defendants.

KEECH, District Judge.

This case is before the court pursuant to remand in accordance with an opinion from the United States Court of Appeals for the District of Columbia Circuit. 116 U.S.App.D.C. 75, 329 F.2d 797. The appellate court directed further proceedings consistent therewith:

"The case is remanded to the District Court with instructions 'to hold a hearing and determine whether the petitioner, desiring the presence of witnesses at his hearing, either discharged his initial burden under the applicable regulations by making timely and sufficient attempt to obtain their presence or, under the circumstances and without fault of his own, was justified in failing to make such attempt, and, if so, whether proper and timely demand was made upon the Air Force so that it was required to produce such witnesses for cross-examination. Upon making such determination, the District Court shall thereupon enter such further order or judgment as may be appropriate.' [Citation]"

The "hearing" mentioned in the fifth line of the above quotation refers to a hearing of December 9, 1960, before the Fifth Regional Office of the Civil Service Commission, relating to the matter of plaintiff's discharge, on November 1, 1960, from government service.

Subsequent to remand, the defendants resorted to discovery in the form of requests for admissions by the plaintiff. Thereafter, motions for summary judgment were lodged by plaintiff and by defendants, and hearings held thereon. Each side has therefore impliedly (and likewise, at hearing, affirmatively) asserted that there is no genuine issue of fact.

Insofar as pertinent to the instant inquiry, plaintiff charges in his complaint that prior to the hearing before the Fifth Regional Office of the United States Civil Service Commission he and his counsel:

"* * * demanded that certain *civil service* employees be required to attend the hearing and to testify in his behalf, namely, William J. Donovan, and John M. Dunning, the request was denied despite the fact that there was a lawful order of the Chairman of the Civil Service Commission to the effect that at any hearing any civil service employee who was a witness would be required to appear * * *. * * * *" (Emphasis supplied.)

Significant to the court's determination of the present motions is the fact that the plaintiff has conceded since the remand from the Court of Appeals that the two witnesses referred to in the complaint, and in fact the only ones named therein, were present and that one of them testified, and further, that the plaintiff and his counsel knew that the said two witnesses were present and available to the plaintiff. In view of the present state of the record it would follow that the defendants' motion for summary judgment should be granted.

Notwithstanding, the court has considered the belated claim of plaintiff that the presence of certain persons other than the only two named in the complaint was requested by plaintiff. This claim attempts to broaden the scope of this hearing beyond what would seem to be properly required by the complaint. Plaintiff's contention in this regard is based on the fact that a civilian personnel officer was requested to have certain military personnel present for the then anticipated hearing. Plaintiff was advised by said civilian personnel officer that plaintiff would have to obtain his own witnesses. No other request was made

by plaintiff or his attorney for the attendance of the witnesses, save for the fact that (plaintiff asserts) certain military personnel were personally asked to appear and refused to appear voluntarily. (This is not set forth in the complaint.) The record is silent as to any endeavor through military channels to obtain or require their presence. Nowhere in the record does it even appear that the civilian personnel officer was advised that certain of the military personnel had refused to attend voluntarily; nor does it appear from the record that the hearing examiner [1] was so advised. Of major importance is the fact that no specific objection was made, at the hearing, to the absence therefrom of any witnesses, nor was there any request made that said proceeding be postponed until they did appear.

■ Plaintiff has not called the court's attention to any act or regulation requiring a civilian personnel officer to obtain attendance of military witnesses, and, to repeat, the record shows no request to military authorities to require the presence of any witnesses at the hearing. The mere request made of the civilian personnel officer for the attendance of certain military personnel, with reply by him that plaintiff would have to get his own witnesses, did not constitute such initiative by plaintiff as to put the burden on the civilian personnel officer to seek ways and means of causing the attendance of the witnesses.

■ The record fails to show that the plaintiff was lulled into a false sense of security by any government agent.

Indeed the opposite is true. Plaintiff was promptly and specifically advised, by the civilian personnel officer of whom the request for their attendance was made, that plaintiff would have to obtain his own witnesses. This the plaintiff failed and refused to do, although he was aided by counsel. The record fails to indicate that he sought advice as to whom to go to, or that he attempted to initiate steps other than the request of the civilian personnel officer.

A simple request of the commanding officer of the military personnel whose attendance was sought would have been sufficient to insure their attendance. This assumption is warranted in the light of existing regulations, provided that need for such persons' presence at the hearing had been shown. Furthermore, had such a request been timely made and refused, and proper objection made to such refusal, there would have been some basis for plaintiff's present contention.

■ The court concludes that there was no refusal by the Air Force to require the witnesses to attend; that even if the civilian personnel officer could be deemed to have acted for that body there was no final refusal to require attendance but merely a statement that the plaintiff would have to get his own witnesses. And further, even if the court should conclude that there was a refusal and that there was a duty on the civilian personnel officer to seek the attendance of the military personnel, this procedural failure on the part of the defendants was waived by the plaintiff and his counsel in failing to advise the hearing officer

---

1. The hearing examiner's summary of the hearing states as follows:

"Mr. Uricchio stated that Mr. Studemeyer had written Mr. Taylor asking for the appearance of witnesses at the hearing. Mr. Taylor replied to Mr. Studemeyer that he would have to arrange for his own witnesses. Mr. Taylor objected to the above remarks as not being pertinent, saying the Commission's policy is clear regarding the arrangement of witnesses for the hearing. In reply to a question put to him by Mr. Taylor, Mr. Studemeyer said

that he had made no arrangements to contact any of these witnesses. * * *" The only objection lodged by plaintiff to the above-quoted statements from the summary was that "it should be added that all of the witnesses except one requested were under the peculiar control and direction of the agency in that more than 70% of the witnesses were in the military assigned to the agency and the others were civil employees of the base." (letter of December 19, 1960, from Mr. Uricchio).

**414**

and to seek his aid in procuring witnesses and/or a continuance for the purpose of obtaining such witnesses' presence. To permit such failure and yet allow a court review would truly destroy the effectiveness of the administrative agency. Such course of action would be contrary to the case law that an administrative body should be timely and fully advised as to any claim of error in order to afford that body an opportunity to correct such claimed error. Without such opportunity a review is not warranted.

■■ The court finds that no timely and proper demand was made upon the Air Force for the presence of witnesses at the hearing. The mere allegation that certain of the military personnel alleged to have been contacted had refused to appear voluntarily did not relieve plaintiff from requesting proper authority to require attendance. Similarly, it must be concluded that the request made of the civilian personnel officer to require attendance of military personnel, which was met with a direct and specific statement that the plaintiff would have to get his own witnesses, did not lull plaintiff into a position of false security but, rather, clearly pointed up the fact that if the witnesses were to be had plaintiff would have to take proper steps. A demand should then have been made on the Air Force for the appearance of such witnesses. Such demand, therefore, became a part of the plaintiff's initial burden of making timely and sufficient attempt to obtain their presence. Hence, plaintiff's failure to make this demand constituted failure to make such timely and sufficient attempt; nor was such failure justified through fault other than his own. Consequently none of the three requirements specified by the Court of Appeals remand has been met. Furthermore, only two civilian witnesses' absence is complained of (as hereinbefore specifically set forth), and both of these were present at the hearing.

From the foregoing, the court is constrained to hold that the defendants' motion for summary judgment should be granted and that plaintiff's motion for summary judgment should be denied. Counsel for defendants will submit promptly an appropriate order.

This disposes of the case. The court would be remiss, however, in failing to record in this memorandum that counsel for the defendants, although forcefully contending that the defendants were entitled to summary judgment, did nevertheless on behalf of his clients offer to join with plaintiff in a request for remand to defendants for a *de novo* hearing while preserving the status quo. This offer was rejected by plaintiff's counsel. The court was therefore given no opportunity other than to determine whether on the present record the defendants were entitled to summary judgment.