Grace MANCILLA, Appellant,

v.

UNITED STATES of America et al.,
Appellees.

No. 21173.

United States Court of Appeals
Ninth Circuit.

July 28, 1967.

Rehearing Denied Sept. 21, 1967.

Benjamin F. Marlowe, Oakland, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., Morton Hollander, Florence Wagman Roisman, Jack H. Weiner, Howard J. Kashner, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before CHAMBERS, MERRILL and ELY, Circuit Judges.

ELY, Circuit Judge:

The Civil Service Commission removed appellant from her position as a civilian employee of the Department of the Army. The removal was based on a number of grounds, including "insubordination" and "inefficiency and unsatisfactory performance of * * * duties."

Following the exhaustion of all administrative remedies, appellant instituted suit in the District Court. Seeking judicial review, she named the United States and the members of the Commission as defendants.

The District Court granted a motion to dismiss the action insofar as it was directed against the United States. This was proper. McEachern v. United States, 321 F.2d 31 (4th Cir. 1963);

cf. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952).

The respondent Commissioners moved for summary judgment, and their motion was granted. The principal contention here is that the procedure leading to appellant's discharge was so defective as to effect deprivation of essential, fundamental rights.

 In a case such as this, the judicial power is limited. The court's only function, assuming that statutory procedures meet constitutional requirements, is to determine if the administrative body substantially complied with those procedures. Brancadora v. Federal Nat. Mortg. Ass'n, 344 F.2d 933 (9th Cir. 1965); Seebach v. Cullen, 338 F.2d 663 (9th Cir. 1964), cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268 (1965).

The record convinces us, as it did the district judge, that the Commission complied with the procedures under which it was obliged to exercise its power and that, moreover, it fairly safeguarded the rights which appellant enjoyed. It is here charged with having "tricked" appellant into believing that it would arrange for the presence of witnesses whose testimony, she now asserts, would have been favorable to her. The charge is mistaken. Well in advance of the formal hearing eventually scheduled for December 16, 1963, the Commission wrote three letters to appellant's then attorney. These letters were respectively dated November 6, 1963, November 20, 1963, and December 5, 1963. In the first of these, that of November 6, 1963, appears the following:

"With respect to the second paragraph of your letter of November 5, you are advised that no arrangements have been undertaken with regard to a

hearing. The Commission does not have subpoena power, but if a hearing is requested by the appellant, the agency will be invited to participate. However, it will be the responsibility of the parties to the appeal to make arrangements for the appearance of any witnesses whose presence they desire." [1]

Affirmed.

security by any government agent. Indeed the opposite is true. Plaintiff was promptly and specifically advised, by the civilian personnel officer of whom the request for their attendance was made, that plaintiff would have to obtain his own witnesses." 228 F.Supp. at 413.

---

1. See Studemeyer v. Macy, 228 F.Supp. 411 (D.D.C.1964), aff'd. 120 U.S.App. D.C. 259, 345 F.2d 748 (1965), cert. denied, 382 U.S. 834, 86 S.Ct. 78, 15 L.Ed. 2d 77 (1965).

There the district judge wrote:

"The record fails to show that the plaintiff was lulled into a false sense of