Jose T. **ACFALLE** et al., Plaintiffs-
Appellants,

v.

**UNITED STATES** of America,
Respondent-Appellee.

No. 23977.

United States Court of Appeals,
Ninth Circuit.

Feb. 18, 1971.

Rehearing Denied March 25, 1971.

Charles J. Williams (argued), Martinez, Cal., Trapp & Gayle, Agana, Guam, for plaintiffs-appellants.

Thomas J. Press (argued), Atty., Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Duane K. Craske, Acting U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., James P. Alger, U. S. Atty., Agana, Guam, for defendant-appellee.

Before HAMLEY and BROWNING, Circuit Judges, and SCHNACKE, District Judge.*

PER CURIAM:

Appellants' action under the Tucker Act is for wages allegedly due them as civilian employees of the United States Navy at Guam. The court below granted the motion of the United States for summary judgment. We affirm.

Appellants were rated under applicable Navy Regulations as laborers, but allegedly worked more than 50% of their time as stevedores. They were paid stevedores' wages for the time they so worked, and laborers' wages for the balance of the time. By this action they seek stevedores' wages for all time worked. They base their claim on the Navy's General Wage Service "Definitions of Civilian Ungraded Ratings— Stevedore", NAVEXOS P–1005–089 (Revised 6/62) which states in part under *"Explanatory Notes"*:

> "This rating is commonly used on a when-actually-engaged basis for employees regularly rated as Laborer * * *, during the time that they are employed in loading or unloading ships, barges, and lighters, as described above. *To be used on a full*

---

\* Honorable Robert H. Schuacke, United States District Judge, Northern District of California, sitting by designation.

*time basis the employee must be performing the work described for more than fifty percent of his time."* (Emphasis supplied.) [1]

It is the plaintiffs' contention that they are not contesting an improper rating, but rather are seeking the proper pay for the "laborer" rating to which they do not object. The difficulty with this is that they claim increased pay only because, they contend, NAVEXOS P–1005–089 requires that they be rated as stevedores if they perform that work more than 50% of the time. So the increased pay depends upon a change of rating.

An administrative appeal to the Chief of Industrial Relations is available when there is a dispute either as to the rating of a position or the pay level of a rating. Navy Civilian Personnel Instructions 531.3–8. Plaintiffs have neither sought nor exhausted their administrative appeal. Such failure is a bar to this action. Krennrich v. United States, 340 F.2d 653, 169 Ct.Cl. 6, certiorari denied, 382 U.S. 870, 86 S.Ct. 147, 15 L.Ed.2d 109; Johnson v. Nelson, 180 F.2d 386, certiorari denied, 339 U.S. 957, 70 S.Ct. 980, 94 L.Ed. 1368, rehearing denied, 339 U.S. 991, 70 S.Ct. 1022, 94 L.Ed. 1392.

Affirmed.

---

1. The emphasized sentence was deleted in a revision of November, 1966. The complaint covers employment over periods ranging from 1959 to 1968.