Raymond C. **RICHARDSON**, Plaintiff,

v.

Robert E. **HAMPTON**, Chairman, United States Civil Service Commission et al., Defendants.

Civ. A. No. 1333–72.

United States District Court, District of Columbia.

April 10, 1974.

Lawrence Speiser, Washington, D. C., for plaintiff.

Robert Werdig, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This matter is before the Court on defendants' motion for summary judgment and plaintiff's cross-motion for summary judgment. For the reasons set forth fully below, the Court has determined that this is a case in which summary judgment can appropriately be granted to defendants. The material facts as to which there is no genuine issue are as follows.

### I. Factual Background.

The plaintiff, a black 25-year employee of the United States government, held the position of a supervisory computer operator (GS–12) until he was terminated on January 30, 1970, on charges of falsification of payroll documents and neglect of duty. These charges were set forth with particulars in a written notice of December 18, 1969,[1] and were the result of an intensive investigation within the Department of Agriculture (hereafter referred to as the Department) into unauthorized absences and reported falsification of time records by a number of employees.[2] It was the decision of the Department to suspend three persons who had committed violations while only issuing letters of reprimand to two others. Mr. Richardson, who allegedly had the most flagrant record as to frequency and duration of absences and falsifications, was the only person terminated.

Mr. Richardson immediately appealed the removal decision to the Secretary of Agriculture and a hearing was held on March 16, 1970.[3] The findings and conclusions of the hearing examiner were issued on April 29, 1970. While finding the evidence gave *prima facie* support to the charge of falsification of payroll supporting documents,[4] Mr. Pittman, the hearing officer, found the punishment was unduly harsh in light of Mr. Richardson's 25 years of competent service, the loose operation of the computer center, and the less severe penalty meted

---

1. Administrative Record, Part I at 44–48. (The Record, divided into two parts, will hereinafter be referred to as either Rec., Pt. I or Rec., Pt. II.)

2. Discrepancies in time claimed on the job and in time actually at work were found in the records as to several employees.

Through a comparison of building logs (sign-in and sign-out sheets) and time entries filled out by the employee, the investigator was able to document falsification of records.

3. Rec., Pt. I, at 186–341.

4. *Id.* at 66.

out to others.[5] Nevertheless, the Deputy Director of Personnel issued a final decision on July 20, 1970,[6] affirming the removal and finding the action not arbitrary and capricious. This judgment was also appealed to the United States Civil Service Commission which held a hearing on September 16, 1970.[7] Upon review of the record, the Commission affirmed the prior ruling on November 30, 1970,[8] and this ruling was affirmed by the Board of Appeals and Review of the Civil Service Commission on February 25, 1971.[9]

It was after this final Civil Service Commission ruling that plaintiff filed a complaint of discrimination on February 3, 1972.[10] In response to this discrimination charge, the Department's Office of Equal Opportunity wrote plaintiff rejecting his complaint as untimely filed since plaintiff had "ample opportunity previously to raise such issue and have it considered." [11] This decision was appealed to the Board of Appeals and Review of the Civil Service Commission [12] and on May 15, 1972, the Commission advised plaintiff's counsel:

> All of the issues raised in the earlier processing of Mr. Richardson's appeal were disposed of when the appellate decisions were issued by the Appeals Examining Office and by the Board. The decision of the Board is final with respect to matters before the Board at that time and there is no further right of appellate review of any issue therein except upon direction of the Civil Service Commissioners to reopen the case. The Board concurs in the finding of the Director of the Office of Equal Opportunity, that Mr. Richardson's complaint under Part 713 of the Commission's Regula-

tions is not timely filed and his decision is hereby affirmed.[13]

Plaintiff has taken issue with many aspects [14] of the proceedings both before and after his dismissal but the Court finds that only three merit discussion here. First, plaintiff argues that his discrimination complaint, rejected as untimely filed, should have been considered. Secondly, plaintiff contends that defendants deprived him of his basic rights of procedural due process in considering his alleged prior disciplinary record in determining what punishment to impose while only notifying plaintiff of the charges of falsification of payroll supporting documents and neglect of duty. Finally, it is plaintiff's contention that the Department acted arbitrarily in removing plaintiff while dealing less harshly with others who had committed similar offenses.

II. Summary Judgment.

Before addressing the merits of plaintiff's complaint, it is perhaps appropriate to state why this Court feels this is an appropriate case for summary judgment.

Plaintiff has argued that defendants have not carried their burden of demonstrating convincingly the absence of a triable issue. *Underwater Storage, Inc. v. United States Rubber Co.*, 125 U.S. App.D.C. 297, 371 F.2d 950 (1966), cert. denied, 386 U.S. 911, 87 S.Ct. 859, 17 L. Ed.2d 784 (1967). The Court finds this argument is without merit when viewed in light of what this Court considers not only a voluminous record but a *complete* record as to Mr. Richardson's claims.

Plaintiff contends, however, that this record is fatally deficient. This allegation is based upon the fact that nei-

---

5. *Id.* at 67.

6. *Id.* at 60–63.

7. *Id.* at 138–85.

8. *Id.* at 44–53.

9. *Id.* at 26–27.

10. Rec., Pt. II, at 31–34.

11. *Id.* at 31–32.

12. *Id.* at 29.

13. *Id.* at 2.

14. *See* Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment at 1–2.

ther Mr. Pittman, the initial Department hearing officer, nor plaintiff were provided a list of all Department employees guilty of similar offenses and showing their respective punishments. Without this information, it is urged, this Court cannot judge whether like punishments were provided for like offenses. It is the conclusion of this Court based upon the record and circumstances of this case that the question of the arbitrariness of agency action can be determined from the record as it is now constituted. The offenses committed by Mr. Richardson and his fellow employees are well reflected in the record and it would be unduly burdensome to require the agency to search through decades of disciplinary actions, essentially irrelevant to the facts of this action, to determine if in different cases, at different times, and under different circumstances other employees were disciplined less severely for similar offenses. *See, e. g.,* Burroughs v. Warner Bros. Pictures, Inc., 14 F.R.D. 165, 166 (D.Mass.1953). The Court will proceed, then, to consider this case on the basis of the record now before the Court. Polcover v. Secretary of Treasury, 155 U.S.App.D.C. 338, 477 F.2d 1223 (1973); Dabney v. Freeman, 123 U.S.App.D.C. 166, 358 F.2d 533 (1965); Studemeyer v. Macy, 116 U.S. App.D.C. 120, 321 F.2d 386 (1963); Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29 (1957), cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L. Ed.2d 1137 (1957); Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962).

### III. Discrimination Complaint.

■ Addressing first the discrimination complaint filed by plaintiff, it is the position of the defendants that this question is not properly before the Court due to the failure of plaintiff to file such a complaint within the time constraints outlined in 5 C.F.R. 713.-214(a). That section provides that the agency may accept the complaint for processing in accordance with these regulations only if

(i) [t]he complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; and

(ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor.[15]

In countering this time-bar argument urged by defendants,[16] plaintiff forcefully contends that this discrimination issue was indeed raised during the administrative proceeding. Plaintiff's counsel at the hearing before Examiner Pittman was asked if her intent was to prove "discrimination." The response was:

I am going to let the record after the evidence is in, from the record whatever the albatross may be (sic). It may be discrimination. It may be an uglier word.[17]

■ Although there are some other passing references to "prejudice" on the record,[18] it is apparent upon a review of the record that plaintiff's counsel did not even tangentially rely on discrimination as a basis for overturning prior agency actions nor was the complaint

---

15. There are exceptions to the above-quoted time limitations and these are set out in 713.215(a)(4). It is quite clear, however, that these exceptions are not apposite to the factual pattern with which this Court is confronted.

16. Plaintiff would have this Court find not only that plaintiff's discrimination complaint is ripe for consideration but also that this is

an appropriate issue for trial *de novo.* Even assuming plaintiff has exhausted his administrative remedies, this is not a case for trial *de novo.* Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973); Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973).

17. Rec., Pt. I, at 198.

18. *Id.* at 40, 136.

otherwise filed in compliance with the above regulations. It is clear that these charges of discrimination were an afterthought; once the other allegations of plaintiff were rejected in the administrative appeals process, he determined that resort to a discrimination complaint would keep his charges alive. Although this Court normally examines any charge of discrimination with care and scrutiny, a remand or consideration by this Court of these charges, entirely unsubstantiated, and not adequately raised earlier, would render nugatory those regulations promulgated to handle such charges, especially after such a lengthy administrative consideration as is apparent in this case. *See, e. g.,* Rogers v. Hodges, 111 U.S.App.D.C. 358, 297 F.2d 435 (1961), cert. denied, 369 U.S. 850, 82 S.Ct. 935, 8 L.Ed.2d 10 (1962); Haas v. Overholser, 96 U.S.App.D.C. 22, 223 F.2d 314 (1955); Krennrich v. United States, 340 F.2d 653, 169 Ct.Cl. 6 (1965), cert. denied, 382 U.S. 870, 86 S.Ct. 147, 15 L.Ed.2d 109 (1965).

### IV. Prior Disciplinary Record.

During the course of discovery in this action, the question of whether plaintiff had a prior disciplinary record became a matter of some importance. In a Memorandum to the files dated November 24, 1969,[19] in a section entitled "Extenuating Circumstances," Mr. Long, Director of the Department Data Processing Center, noted

> [h]e [Mr. Richardson] received three previous adverse actions for similar offenses in another agency.

In addition, in an affidavit by Mr. Long dated October 30, 1973, Mr. Long stated:

> 5. On or about November 18, 1969, I made a review of the personnel

records of all parties alleged to have engaged in misconduct in connection with determining whether adverse personnel actions would be proposed.

> 6. Review of personnel records of all individuals revealed that only Raymond C. Richardson had any prior disciplinary record.[20]

On the basis of these two statements, counsel for plaintiff asserts that Mr. Richardson was denied procedural due process since he was notified that the charges were falsification of payroll supporting documents and neglect of duty without reference to prior disciplinary records.

█ It is true that the Federal Personnel Manual Supplement in Chapter 752–1, subchapter S4, does provide:

> If the employee's previous record forms part of the basis for proposing adverse action, the material relevant to that record must be available to the employee. S4–1a(2).

However, unlike other cases where the agency relied on reasons for dismissal other than those in the notification of charges,[21] it is clear upon careful review of the record that the specified charges, of which plaintiff was notified, were the sole reason for his dismissal. That is not to say that an examination of all the surrounding circumstances did not lead the agency to look at other relevant matters. However, the decision to remove was without question based on the serious charges of falsification of payroll supporting documents and neglect of duty.

The case of Washington v. Summerfield, 97 U.S.App.D.C. 105, 228 F.2d 452 (1955), is instructive on this subject. In that case plaintiff was seeking to overturn his removal from his position

---

19. Exhibit I to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, and in Support of Plaintiff's Cross-Motion for Summary Judgment, February 25, 1974.

20. Appendix I to Plaintiff's Memorandum of Points and Authorities in Opposition to De-

fendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment.

21. Shadrick v. United States, 151 Ct.Cl. 408 (1960).

as a clerk in the Post Office Department. Plaintiff received a notice of charges advising him specifically with detail that the reasons for his removal were unsatisfactory attendance and unsatisfactory scheme examinations. A cover letter, accompanying this notice of charges, set forth additional irregularities not mentioned in the charges. In answering plaintiff's argument that his removal should be overturned for failure to notify plaintiff of these additional charges and for failure to allow him to answer those charges, the Court held

> [t]he fact that additional statements as to appellant's conduct were contained in the covering letter is of no consequence as the reasons for appellant's removal were those contained in the charges.

97 U.S.App.D.C. at 107, 228 F.2d at 454.

Similarly, the reasons for Mr. Richardson's removal, as a review of the record will more than adequately reveal, were those contained in the charges. That Mr. Long looked at other relevant material in the investigatory process is without relevance to whether plaintiff was accorded due process in regard to the reasons for his removal. The reasons were set forth in the notice of charges. Plaintiff had the opportunity to meet those charges; he did so with vigor.[22]

## V. Arbitrary and Capricious Agency Action.

Plaintiff further argues that the act of removal was so harsh when considered in the context of similar penalties meted out to others for similar offenses, that it must be viewed as arbitrary and capricious agency action.

■ The record is more than complete on this question and although this Court, had it been acting as plaintiff's superior, may not have made such a decision as termination of employment, the record reveals substantial available evidence on which the agency could have based such a termination decision as to Mr. Richardson while according lesser penalties to other employees.[23] As noted by this Circuit in Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386 (1963), cert. denied, 382 U.S. 834, 86 S. Ct. 78, 15 L.Ed.2d 77 (1965):

> There may be ground for reasonable differences of opinion as to whether the cause for which the personnel action was taken was grave enough to warrant depriving appellant of his position, but the court is not warranted in substituting a different judgment of its own for that of appellant's superiors, whose action has been sustained by the Civil Service Commission . . . .

116 U.S.App.D.C. at 121, 321 F.2d at 387.

Accordingly, it is by the Court this 10th day of April, 1974,

Ordered that defendants' motion for summary judgment be, and the same hereby is, granted; and it is further

Ordered that plaintiff's cross-motion for summary judgment be, and the same hereby is, denied.

---

22. It is also noteworthy that in discussing the notice requirement the Federal Personnel Manual states at section S4–2 (P. 47):
    The advance notice under subpart B of part 752 must contain all reasons that the agency relies on to support the action being proposed, but the agency does not have to include in the notice every reason that it might have used to support its action. If a possible reason has no bearing on the agency's decision to initiate adverse action, and if the agency does not plan to rely on that reason, it need not be stated in the notice.

23. Rec., Pt. I, at 90–101, 102–103, 104–106, 107–108, 109–110, 111–112, 113–114, 115, 116, 117–118, 119–120, 121–122, 123–124, 125–126, 127–128, 129.