"The petition covers two employees of NASA’s Johnson Space Center who were reduced-in-force in 1970; claiming that their reductions-in-force were improper and illegal, each seeks back pay and reinstatement. Defendant has moved for summary judgment as to both plaintiffs. In this order we dispose of the claim of plaintiff Malpass but not of plaintiff Ellis.
"Malpass’s reduction-in-force became effective September 30, 1970. He never took any appeal to the Civil Service Commission — an administrative remedy which he had as of right — but a few days less than six years later he filed this suit on September 28, 1976. We have held that employees separated from civilian positions with the Federal Government, who have a right of appeal to the Civil Service Commission, must pursue that remedy. See Wilmot v. United States, 205 Ct. Cl. 666, 680-81 (1974); Krennrich v. United States, 169 Ct. Cl. 6, 8-9, 340 F.2d 653, 654, cert. denied, 382 U.S. 870 (1965).
"Malpass’s written notice of reduction-in-force stated expressly that he could appeal the action to the Commission 'at any time after receipt of this notice but not more than fifteen (15) calendar days after the effective date of the action.’[1] However, an affidavit filed by his attorney in this action says that Malpass told the attorney that 'he was not informed of any right of appeal * * * after he had been [orally] told of the RIF, he contacted the Civil Service Commission and inquired about rights of appeal. He stated that he was told by the Commission’s office in Houston that' if he was not a veteran the Commission was not required to give him a hearing. He stated to me [the attorney] that he interpreted this to mean that he did not have a right of *1048 appeal to the Commission, and he further stated that he did not know any different until he contacted my [the attorney’s] office for the purpose of filing this action in the Court of Claims.’
"Even if we were to accept the attorney’s hearsay affidavit as sufficiently probative, we could not excuse Malpass for failing to exhaust his Commission remedy. The written RIF notification gave him explicit confirmation that an appeal did lie to the CSC,[2] and at the time Malpass was a Materials Engineering Technician, grade GS-11. We cannot believe that, in thp face of this explicit written statement, it was due care for one of his rank to rely on an oral statement over the telephone that as a non-veteran he was not entitled to an oral hearing as meaning that he had no right to any appeal at all.[3] He could and should have pursued the matter further if he had doubts as to his right to appeal. There is here no such justification for failure to exhaust the administrative remedy as was found in Shubinsky v. United States, 203 Ct. Cl. 199, 488 F.2d 1003 (1973) and Ainsworth v. United States, 180 Ct. Cl. 166 (1967). Accordingly, we hold that Malpass failed, without adequate justification, to pursue his mandatory administrative remedy.
"Ellis did appeal to the Civil Service Commission and is therefore in a different position from Malpass. As to him, the petition asserts, inter alia, that subsequent to the reduction action the duties which had been performed by him continued to be performed by personnel employed by NASA contractors, in violation of both the applicable NASA regulations and the governing standards promulgated by the Civil Service Commission. Defendant insists and the Commission held that, even if these regulations and standards were violated, Ellis’s reduction-in-force was proper and he has no right to back pay or reinstatement. See, to this general effect, A.F.G.E. v. Hoffman, N.D. Ala. Civ. No. 75-G-0652-NE (Aug. 12, 1976). However, the *1049 District Court for the District of Columbia has recently indicated to the contrary. A.F.G.E. v. Administrator, NASA, Civil Action No. 76-1821 (D.D.C., Aug. 12, 1976). The latter case has been appealed to, and argued before, the U.S. Court of Appeals for the D.C. Circuit, but has not yet been decided. In these circumstances, it is appropriate to suspend proceedings here to await the ruling of the D.C. Circuit.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted as to plaintiff Malpass and the petition is dismissed as to him, but that with respect to plaintiff Ellis further proceedings on defendant’s motion for summary judgment are suspended until after the D.C. Circuit’s decision in A.F.G.E. v. Administrator, NASA, supra.”

 The notice (dated August 19, 1970) went on to say:
'The appeal must be in writing and should set forth your specific reasons for contesting this action with offer of proof and such pertinent documents as you are able to submit.’

 The attorney’s affidavit says that Malpass was informed orally of the RIF but there is no statement, and no indication, that he did not receive the official written notification.

 The advice given Malpass was correct. As a non-veteran, he was not entitled as of right to an oral hearing but he was entitled to make a written appeal to the Commission.