Varienne M. ALMOND, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION (FEDERAL AVIATION ADMINISTRATION), Respondent.

No. 82–4335
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 21, 1983.

---

Shelby W. Hollin, San Antonio, Tex., for petitioner.

Harold O. Atkinson, Asst. U.S. Atty., San Antonio, Tex., for respondent.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

These proceedings arise from the petitioner Almond's allegedly improper involuntary separation from service as an employee of the Federal Aviation Administration. Almond petitions this court for review of an order of the Merit Systems Protection Board ("the Board"), 5 U.S.C. § 7703, that dismissed her administrative appeal to the Board as untimely. Finding that the petition for administrative review of the separation was not filed within the delay required by law, and that the Board did not abuse its discretion in refusing to extend the time limit or to reopen the case on its own motion, we affirm the Board's dismissal of the administrative appeal.

The facts show the following:

On January 30, 1980, the Board issued an initial decision rejecting Almond's claims that her resignation from employment was involuntary. This decision also notified her that unless she applied to the Board for a review of this decision within 35 days, the decision, 5 C.F.R. § 1201.113, would become final on March 6, 1980. On April 3, 1980, or some 64 days after an initial intermediate decision rejecting her claim on the merits, Almond filed a petition with the Board for review of this decision.

On August 6, 1980, the Board held that the petition for review was untimely, since filed more than 35 days after the initial decision, and that the Board found no good cause to exercise its discretion to extend the time, as might be permissible under 5 C.F.R. § 1201.113(b). On September 8, 1982, Almond filed in this court a petition for review of this final (August 6) order of the Board, which was timely.[1]

*Statutory Scheme*

The statutory scheme and the applicable regulations provide that an agency action which adversely affects an agency employee will be heard and decided by a "presiding official" of the Board. 5 U.S.C. § 7701; 5 C.F.R. § 1201.111(a). This official will issue an initial decision that is reviewable by the Board if an application for review is filed within thirty-five days of the decision; otherwise, the initial decision is the final decision of the Board. 5 U.S.C. § 7701(e); 5 C.F.R. § 1201.113. If no application is filed, the initial decision becomes final. *Id.* A final decision of the Board is reviewable by the appropriate court of appeals or by

---

1. The petition must be filed within 30 days after the date the petitioner received notice of the final order of the Board. 5 U.S.C. § 7703(b)(1). The order was entered and mailed on August 6, 1982 (a Friday), and the petitioner received it on August 12.

the Court of Claims if a petition for review is filed within thirty days after the petitioner receives notice of the final decision. 5 U.S.C. § 7703(b)(1).

The Board may, in its discretion, extend the thirty-five day time period required for filing the application for review to the Board of an initial decision if good cause is shown. 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.113(d). In addition, the Board may, in its discretion, reopen a case at any time. 5 U.S.C. § 7701(e); 5 C.F.R. § 1201.117.

*Application to Instant Case*

In this case, no petition for review was timely filed by Almond to the Board due to the inadvertence of her legal representative. The initial decision—rejecting her claims of involuntariness—therefore became final on March 6, 1980. As no petition for review was filed thereafter in this court within thirty days, we are barred from reviewing this determination by the language of 5 U.S.C. § 7703(b)(1):

> ... [n]otwithstanding any other provision of law, any petition for review [to the United States Court of Appeals] *must be filed within 30 days* after the petitioner received notice of the final order or decision of the Board.

(emphasis added).

The second decision of the Board, however, denying the application for review to the Board and dismissing the appeal as untimely, is before us. That decision states that it is a "final decision", and the petition for review to this court was filed within the thirty days required by § 7703(b)(1).

The scope of our review, however, is narrow. We need only determine whether the Board abused its discretion in refusing to grant an extension of time to Almond under 5 C.F.R. § 1201.113(d), or whether the Board abused its discretion in failing to reopen the case on its own motion under 5 C.F.R. § 1201.117.

■ On judicial review, a court may not overturn the action of an administrative agency that was within its statutory authority and was in compliance with requisite procedures, unless the action is arbi-

trary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 C.F.R. § 706. When the agency exercises within its statutory discretion, the agency's discretion is afforded wide latitude, and, in general, a court may not overturn the discretionary act as an abuse unless it finds that the discretion was arbitrarily or irrationally exercised. *American Telephone & Telegraph Company v. United States,* 299 U.S. 232, 236–37, 57 S.Ct. 170, 172, 81 L.Ed. 142 (1936). *See also Philbeck v. Timmers Chevrolet, Inc.,* 499 F.2d 971, 976–77 (5th Cir.1974).

■ The Board's dismissal of the appeal as untimely is in accordance with law. Nor can we say that the Board abused its discretion and acted arbitrarily when it refused to find "good cause" for extending the time for an administrative appeal, where the sole cause relied upon is the inadvertence of Almond's counsel in filing a petition for administrative review some thirty days late. *See Rogers v. Hodges,* 297 F.2d 435 (D.C. Cir.1961), *cert. denied,* 369 U.S. 850, 82 S.Ct. 935, 8 L.Ed.2d 10 (1962).

Accordingly, we AFFIRM the Board's dismissal of Almond's petition for administrative relief as untimely.

AFFIRMED.