filing of an application for relief, or September 16, 1945, whichever is the later. These provisions show the intention of Congress that the money is intended to be collected and held by the Government, as of right, until the question of Section 722 relief is settled.

## WILLIAMS v. UNITED STATES.
### No. 49814.

United States Court of Claims.

Dec. 1, 1953.

Guy Emery, Washington, D. C., for plaintiff. Samuel T. Ansell and Ansell & Ansell, Washington, D. C., were on the briefs.

Arthur E. Fay, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff, a reserve colonel now on the honorary retired list of the Army of the United States, sues to recover retired pay to which he claims to be entitled under Title III of the Act of June 29, 1948, 62 Stat. 1087, the pay to begin on the date of that Act.

Section 302(a), Title III of the Act of June 29, 1948, 10 U.S.C.A. § 1036a, provides:

"Any person who * * * has performed satisfactory Federal service as defined in this section in the status of a commissioned officer, warrant officer, flight officer, or enlisted person in the Army of the United States or the Air Force of the United States, including the respective reserve components thereof, and also including the federally recognized National Guard prior to 1933, the United States Navy * * * the United States Marine Corps, * * * or the United States Coast Guard, * * * and has completed an aggregate of 20 or more years of such satisfactory service in any or all of the aforesaid services shall, upon application therefor, be granted retired pay * * *."

The plaintiff was, on June 30, 1945, placed as a Colonel on the Officers' Honorary Retired List and the Honorary Reserve, Officers' Reserve Corps. In these capacities he received no retired pay. When he was so retired he had more than 19 years service as an enlisted man and a commissioned officer. These services were thus short of the 20 years required by Section 302(a). But the plaintiff had also five years service as a cadet in the United States Military Academy, ending

in 1910. If these years can be counted, the plaintiff had well over the required 20 years.

The plaintiff concedes that service as a cadet in the Military Academy is not service as a commissioned officer, warrant officer, flight officer, or enlisted person. But he contends that if one has had some service in one of those named capacities, then he can count all the years of service in the armed forces of the United States, in any branch, and in any capacity. Service in the Cadet Corps of the Military Academy is service in the Army.

The Government contends that the expression "20 or more years of such satisfactory service in any or all of the aforesaid services" means satisfactory service in one of the four named capacities. The first mention of "satisfactory service" definitely relates to service in one or more of the four named capacities. The later reference to "such satisfactory service" would seem to be a reference back to the previously named service. The Government thus has the language on its side, and the plaintiff has the burden of persuading us that the language does not have the meaning which normal usage would give it.

The plaintiff shows that in several predecessor bills which related only to the Army, language was used which said what the plaintiff would have the language here in question mean. Then the idea arose of including the Navy and the other armed services in the bill, and in the draft of the bill to accomplish that purpose, and which became Section 302 (a), the word "such" before "satisfactory service" was inserted. The plaintiff urges that the change had no meaning. He quotes numerous statements by officers of the armed services and by Congressmen giving their views as to the effect of the bill. None of these statements contains anything specific relating to our question, though the general thought of all of them may be that any person with 20 years of satisfactory Federal service would be covered by the bill.

The Government points to statements made by a War Department official, in explaining to a committee of Congress the provisions of various pending bills, that not less than 20 years of service, "enlisted or commissioned or combined" would be required to qualify for retired pay under them. The language of these statements is more directly applicable to our problem than those to which plaintiff points.

The plaintiff, in his reply brief, says that Congress, having, in the Act of August 24, 1912, 37 U.S.C.A. § 4c, provided that service under an appointment made after the date of that Act, in the Military or Naval Academy, should not be counted in computing for any purpose the length of service of any officer of the Army, in every length-of-service statute since that time, unless the statute here in question is an exception, has recognized cadet service under an appointment prior to August 24, 1912, as creditable. He reminds us that, in recent legislation a strong purpose to equalize the status of reserve officers and that of officers of the Regular Army has been shown by Congress. It seems that an officer of the Regular Army can count pre-1912 cadet service for longevity purposes.

The various considerations urged by the plaintiff create serious doubts in our minds as to whether the insertion of the word "such" in the statute here under consideration may not have been a mere inadvertence on the part of Congress. Perhaps a greater likelihood exists that the draftsmen of the bill in 1948 overlooked the fact that pre-1912 cadet service might become significant. If they had not overlooked it, perhaps they would not have used language which, *prima facie*, at least, excluded it. We are not persuaded of Congressional inadvertence to the point of being willing to, in effect, discard the word which causes the trouble.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.