Civilian pay; dismissal; Civil Service Commission regulations under Veterans’ Preference Act. — Foreign Service Staff Officers. — Plaintiff, a veteran preference eligible, was employed by the United States Information Agency as a Foreign Service Staff Officer for a maximum period of four years or for less time depending on the needs of the service, subject to a two-year probationary period of service. At the end of eighteen months of service plaintiff was advised that his services were no longer required and he was discharged. Acting on his appeal, the Civil Service Commission ruled that he was entitled to the protection of the Veterans’ Preference Act and that his discharge was violative of that act. The Commission ordered plaintiff’s reinstatement and the employing agency refused to comply. Plaintiff filed suit in the Court of Claims for back pay and also in the District Court for the District of Columbia for a declaratory judgment and mandamus. On September 15, 1959, the District Court granted the Government’s motion for summary judgment. On appeal, the Court of Appeals for the District of Columbia Circuit reversed (Born v. Allen, 291 F. 2d 345), holding (1) that an “indefinite” appointment within the meaning of the Veterans’ Preference Act of 1944 includes appointments like plaintiff’s which are to be held in excess of one year and whose terminal date is uncertain; (2) that the Civil Service Commission had authority to promulgate regulations which did not honor probationary periods of service of over one year for the purposes of section 14 of the Veterans’ Preference Act, with the result that plaintiff’s position subject to a two-year probationary period of service became subject to section 14 of the Veterans’ Preference Act when one *822 year of probationary service bad been completed, and (3) that the employing agency could not refuse to comply with the Civil Service Commission’s recommendation on the sole ground that the Veterans’ Preference Act did not apply to plaintiff’s dismissal.
On September 25, 1961, the parties to the instant suit entered into a stipulation in which it was agreed by defendant that the action of the District Court and the Court of Appeals in plaintiff’s suit for reinstatement disposed of all the defenses the Government might raise herein and was a final adjudication binding on defendant in the present action, and it was further stipulated that plaintiff might have judgment for the pay lost from the date of his dismissal to the date on which his employment would otherwise have terminated. On October 6, 1961, it was ordered by this court that judgment be entered for plaintiff for $13,327.99, of which $1,-780.42 is to be credited to plaintiff’s retirement account and $192.75 is to be credited to plaintiff’s life insurance account.