George F. **BENNETT**, Appellant,

v.

Stewart **UDALL**, Secretary of the Interior, et al., Appellees.

No. 16580.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 20, 1961.

Decided Feb. 8, 1962.

Petition for Rehearing Denied March 2, 1962.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. William H. Collins, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Harold D. Rhynedance, Jr.,

Asst. U. S. Attys., were on the brief, for appellee. Messrs. Charles T. Duncan, Principal Asst. U. S. Atty., and John R. Schmertz, Jr., Asst. U. S. Atty., also entered appearances for appellee.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant for some months had been employed as an architect by the National Park Service. As of November 28, 1958, he was separated from service. After vainly seeking administrative relief, he asked the District Court for declaratory judgment and a mandatory injunction requiring his reinstatement. Summary judgment was entered for the appellees, and appellant's complaint was dismissed.

On appeal the sole question is whether or not appellant was a classified civil service employee. If so, he was entitled to the procedural protections of the Lloyd-La Follette Act,[1] which were not accorded to him.

The record shows that the Civil Service Commission on July 11, 1957, granted authority to effect a temporary appointment for the post of architect GS-11, with duty status at Philadelphia, "in the absence of presently available eligibles * * *."[2] Effective July 15, 1957, the National Park Service notified the appellant he had been granted a "temporary appointment"[3] with headquarters at Philadelphia and duty status at Yorktown, Virginia. The notice specified that the "action is subject to all applicable laws, rules, and regulations * * *."

Pertinent is a regulation entitled "Procedure in Separating Temporary Employees" which provides:

"(a) An employee serving under a temporary appointment may be separated at any time upon notice in writing from the appointing officer."[4]

Pursuant thereto, on November 12, 1958, appellant's superior gave the prescribed written notice that, effective November 28, 1958, appellant was to be separated from the service on various specifications of inadequate work performance. Intra-agency importunities having proved unavailing, appellant, as noted, sought relief in the District Court which withheld final action on the appellees' motion for summary judgment and directed a reference to the Civil Service Commission for its review of appellant's claims. The Commission's report to the District Court now of record before us demonstrates careful and detailed consideration of the problem. The Commission concluded that appellant had at all pertinent times been merely a temporary employee, his separation was in accordance with the governing law and applicable regulations, and no procedural rights had been denied. Summary judgment followed.

Appellant urges that the Commission's conclusions are erroneous in that he had acquired classified civil service status because (1) the position of architect GS-11 had been classified, and (2) the notice of temporary appointment was accompanied by a memorandum dated July 15, 1957, which recited he was "being given an appointment without a time limitation."

We find no merit in appellant's claims. Specification of certain duties, job requirements and qualifications for graded positions, in this case, the post known as "architect GS-11," is simply part of a process of classification. An employee gains no status merely as the incumbent of a classified position. He still must qualify.[5] Had there been a register of eligibles, there could have

---

1. See 5 U.S.C.A. § 652 (1958).

2. 5 C.F.R. § 2.302(a) (1961) authorizes temporary appointments outside the register if insufficient eligibles are available.

3. Pursuant to 5 C.F.R. § 2.302(a) (1961).

4. 5 C.F.R. § 9.104 (1961).

5. Cf. 5 U.S.C.A. §§ 631b, 638 (1958).

## 534

been no temporary appointment outside the register. Just how long a period might be involved in making up a register might turn on many intangibles, including the number of possibly qualified applicants, the duration of the prospective employment, the need for a continuing register, and various other factors. The memorandum upon which appellant relies meant no more than that his original appointment, expressly stated to be a "temporary appointment," [6] was "without a time limitation," in the sense that it was subject to whether a register be compiled within a year, or a longer or a shorter period, or not at all.

The Commission in its Report of Reconsideration so construed its regulations, an interpretation which is not only reasonable but entirely in keeping with the statutes and regulations applicable on the facts here. We are pointed to no authority reposed in any personnel officer to act contrary to or in extension of such provisions. Moreover, the form granting original authority specifically noted limitations upon the agencies and called for their adherence to prescribed standards.

Finding no denial of rights accorded either by statute or applicable regulations,[7] we conclude the District Court correctly entered judgment for the appellees.

Affirmed.

6. The Commission's Form 50, "Notification of Personnel Action," expressly referred to the "Temporary Appointment" ascribing as the source of the Department's authority "C.S.Reg. 2.302(A)" (sic). 5 C.F.R. § 2.302 (1957 Supp.) in subsection (a) makes provision for filling a continuing position, one that will last longer than a year, but such "appointment shall continue only for such period as may be necessary to make appointment through certification." Subsection (b) provides, when there are insufficient eligibles available for temporary employment which will not last more than a year, "the Commission may authorize the agency to fill the vacancy by temporary appointment outside the register for job employment."

7. And see generally Exec. Order No. 10577, as amended, following 5 U.S.C.A. §

631 (1958), Rule I, 1.2 [appearing also as 5 C.F.R. § 01.2 (1961)], 1.3(d) [appearing also as 5 C.F.R. § 01.3(d) (1961)]; 5 U.S.C.A. §§ 631a, 631b(a), 658 (1958); Bailey v. Richardson, 86 U. S.App.D.C. 248, 254–56, 182 F.2d 46, 52–54 (1950), aff'd, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951).

Appellant argues that the text as found in 5 U.S.C. § 658 (1958) does not appear in the United States Code Annotated, 1950, "The Cumulative Pocket Part compiled in the year 1960," or in other publications where he expected to find it. But see § 679, 5 U.S.C.A. (1950); 5 U.S. C.A. § 658 (Supp.1960); 5 U.S.C.A. § 658 (Supp.1961); 5 U.S.C. § 679 (1946); 5 U.S.C. § 658 (1952); 5 U.S. C. § 658 (1958).