Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a veteran, whose temporary appointment pending establishment of a register (TAPER) was terminated on November 22, 1963, sues for back pay, claiming he is a veterans’ preference eligible and that his separation was procedurally defective under sections 12, 14 and 15 of the Veterans’ Preference Act of 1944, 58 Stat. 387, 390-391, as amended, 5 TJ.S.C. §§ 861, 863, 864 (1964 Ed.).
The case is before us on cross-motions for summary judgment, and the following facts are present: Effective May 16, 1961, plaintiff was given a “temporary appointment pending establishment of a register” to the position of Accident Investigation Specialist, grade GS-11, in the Federal Aviation Agency (FAA). Prior to this appointment, he had occupied various positions under temporary appointments with the Civil Aeronautics Board and the Federal Aviation Agency. In December 1963, the Agency was scheduled to move into a new building which lacked sufficient space to house all the employees in the Washington area. Consequently, it had been decided that the number of employees in the Washington installation would be reduced by about 600 by transferring certain employees to field offices. In this connection, the Agency issued Notice AD-3330.2, “Procedures for Reassignment of Headquarters and NAFEC Personnel,” on August 21,1963, which stated that “ [ejmployees declining reassignment will be subject to separation.”
On September 25, 1963, plaintiff was, as were other employees of his unit, informed by letter that his function was being transferred to Oklahoma City, and that he was being offered the opportunity to transfer. Plaintiff at first accepted the offer of reassignment, but nine days before the change (which was scheduled to take place on November 24, 1963) he notified the Agency that because his wife held a government position in Washington, it would not be economically feasible for him to move to Oklahoma City. After plaintiff declined the offer, another employee, a grade GS- *169 13, volunteered for transfer and was subsequently transferred to plaintiff’s function in Oklahoma City.
On November 21,1963, plaintiff was called to the Office of the Chief of the Personnel Operations Division of the Agency and his immediate resignation was demanded. He was informed that if he did not resign he would be discharged for cause for refusal to transfer. He was also informed that he was a non-status employee with no civil service rights. Plaintiff declined to resign, and the next day, November 22, he received a notice of immediate separation for failure to transfer. The notice repeated that he was a non-status employee.
We think plaintiff’s case is governed by the reasoning of Born v. Allen, 291 F. 2d 345 (D.C. Cir. 1960). See also, Born v. United States, 155 Ct. Cl. 821 (1961). The plaintiff there was a veterans’ preference eligible employed by the United States Information Agency (USIA), as a Foreign Service Staff Officer for a period “limited to four years or need of employee’s services, whichever is less.” The appointment was also conditioned by a 2-year probationary period. At the end of 18 months, Born was advised that his services were no longer required and he was discharged. On appeal to the Civil Service Commission, it was held that Born was entitled to Veterans’ Preference Act protection, and that his discharge was procedurally defective. The USIA refused to follow the recommendation of the Commission, so Born filed suit in the District Court for the District of Columbia asking for declaratory judgment and a writ of mandamus. He also filed an action for back pay in this court. The District Court granted the government’s motion for summary judgment. The Court of Appeals reversed, holding that Born’s appointment was an “indefinite” appointment within the meaning of the Veterans’ Preference Act, so that Born was entitled to the discharge procedure. This court entered an order pursuant to the stipulation of the parties that Bom was entitled to back pay under the theory of the Court of Appeals’ holding.
As the Born case makes clear, the threshold requirements for section 14 rights are that the veteran be a “permanent or *170 indefinite preference eligible, who has completed a probationary or trial period * * The Court of Appeals had two hurdles there; Born’s appointment was “limited to four years” and the probation period was two. However, it overcame both, and stated the following:
We say only (1) that the term “indefinite” can reasonably be read, as the Commission has, to include appointments actually held in excess of one year whose terminal date is uncertain; and (2) that appellant has such an appointment. [291 F. 2d, at 352.]
The 4-year outside limit did not trouble the court because termination was still “indefinite” as it could come at any time within the period. The 2-year probation period difficulty was avoided by holding that the Civil Service Commission regulations only required a 1-year period. In this connection, it is interesting to note that the Commission appeared there in an amicus memorandum urging that all appointments for more than one year qualified as “permanent or indefinite.” [1] 291 F. 2d, at 352.
It seems to us, that a veteran serving under a temporary appointment pending establishment of a register is in a position at least as favorable as an employee with an appointment like Bom’s. Plaintiff here had served over two years as a TAPES, employee and a year before that as a temporary employee for a stated time. For unknown reasons, no register was established during this period — perhaps one would never have been established. The point is that Ains-worth’s appointment was “indefinite,” both as a matter of fact and as a matter of law under section 14 of the Veterans’ Preference Act. The Civil Service rules and regulations say nothing to the contrary. Thus, plaintiff was entitled to *171 tbe following section 14 procedural rights which he never received:
* * * at least thirty days’ advance written notice * * *, stating any and all reasons, specifically and in detail, for any such proposed action [e.g., discharge for refusal to transfer] ; * * * [the right to] a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and * * * the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting * * *.
Defendant argues that this court has disagreed with Born in its decision in Friedman v. United States, 175 Ct. Cl. 895 (1966), cert. denied, 386 U.S. 913 (1967). However, the court filed no opinion in Friedman, only an order which did not mention the Veterans’ Preference Act issue. Although plaintiff in that case alleged that he was entitled to the benefits of the Veterans’ Preference Act which defendant denied in its answer, an examination of the file shows that it was not further raised or considered by the court. Defendant’s motion for summary judgment relied solely on Bennett v. Udall, 301 F. 2d 532 (D.C. Cir. 1962), which held that a non-veteran, TAPEE employee was not entitled to adverse action rights after the completion of his probationary period. Neither plaintiff, nor defendant, called to the court’s attention the fact that plaintiff claimed to be a veteran and that Born v. Allen, supra, might be applicable rather than Bennett v. Udall, supra. Friedman submitted no affidavits or other evidence, and in his 2-page brief only raised the issue that the Agency had made an oral agreement to convert him to permanent status which it had violated. (He did not mention in his brief that he was a veteran.) As a result, the court was not aware of the possible Veterans’ Preference Act problem and did not consider it. The most that can be said of Friedman is that plaintiff may have had a valid claim, which he did not raise. As the Supreme Court said in Webster v. Fall, 266 U.S. 507, 511 (1925):
The most that can be said is that the point was in the oases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the atten *172 tion of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.
With respect to defendant’s argument that plaintiff failed to exhaust his administrative remedies before the Civil Service Commission, we think the circumstances of this case justify plaintiff’s failure so that he will not be barred here. The Agency clearly defaulted in its obligation to plaintiff. It not only failed to inform him of his appeal rights, it affirmatively misled him into believing that he had no rights by so stating in the separation notice.[2] See Cuiffo v. United States, 131 Ct. Cl. 60, 64, 137 F. Supp. 944, 946 (1955), and Morelli v. United States, 161 Ct. Cl. 44 (1963), in which this court did not require exhaustion.
Defendant finally argues that plaintiff cannot recover because of the doctrine of laches. It is odd that this is the final argument inasmuch as laches would seem to be a threshold question. However, in our opinion, plaintiff is not guilty of laches in this case. He did delay 20 months before filing suit, but during this period he was attempting to gain relief within the Agency. Furthermore, the government has shown no prejudice. Plaintiff’s duties in Oklahoma City were filled by a transferred employee. No witnesses or evidence have been lost by the delay.
Plaintiff is entitled to recover. Plaintiff’s motion for summary judgment is granted and defendant’s motion is denied. The amount of recovery will be determined pursuant to Eule 47 (c) (2).

 In a post-argument memorandum filed In this case, an assistant general counsel of the Civil Service Commission stated by affidavit that the Commission does not consider TAPER employees to be “indefinite” employees under the Veterans’ Preference Act because they are not in the permanent Federal competitive service and are really more akin to probationary employees as they are not subject to a specific probation period. He distinguishes the Born case by suggesting that “excepted” service as opposed to “competitive” service was there involved, so it was necessary to carry over protective rights. We do not find this position persuasive, and conclude there is nothing in the affidavit to preclude extension of the Born reasoning to the circumstances of this case.

 The separation notice said plaintiff was a “non-status employee.” As such, plaintiff would not be entitled to any procedural rights apart from the Veterans’ Preference Act which was not mentioned.