Rose E. Adewale-Mendes, with whom was Acting Asst. Atty. Gen. Irving Jaffe, Washington, D. C., for defendant.

**Donald Q. COSTER**
v.
**The UNITED STATES.**
No. 328–72.

United States Court of Claims.
Oct. 17, 1973.

Before COWEN, Chief Judge and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

ON DEFENDANT'S MOTION AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge:

In this civilian pay case, both parties have sought, by cross motions for summary judgment, a determination as to which statute, the Foreign Service Act of 1946, as amended, 22 U.S.C. § 1008 (1970), or the Veterans' Preference Act of 1944, as amended, 5 U.S.C. § 7512 (1970) *and* 5 U.S.C. § 7701 (1970), is controlling over the dismissal of a Foreign Service Reserve Officer who was serving under a time-limited appointment.

We hold that the clear language of the statutes necessitates a finding that the Foreign Service Act is controlling and that the Veterans' Preference Act is not applicable to this plaintiff. Since there is no alternative claim that the dismissal pursuant to the Foreign Service Act was improper, we find no impropriety in the dismissal. Accordingly, the Government's motion for summary judgment should be granted.

On November 1, 1959, plaintiff was appointed by the International Cooperation Administration (ICA) as Deputy

Mission Director for the United States Operations Mission for Vietnam. The Standard Form 50 (SF–50) effecting his appointment designated the position as "Excepted Appointment (Indefinite)." On November 4, 1961, plaintiff was transferred from ICA to the Agency for International Development (AID) when the former was abolished. Soon after his transfer, plaintiff requested that he be covered under the Civil Service Retirement System rather than the Social Security System. Accordingly, an SF–50 was issued on November 30, 1961 stating that plaintiff's appointment was changed to "Excepted Appointment—Foreign Service Reserve (CORRECTION)."

On June 24, 1962, an SF–50 was issued reassigning plaintiff from Vietnam to the AID mission in Tunisia. Item 5 of the SF–50 stated: "Excepted Appointment Foreign Service Reserve Limited (NTE December 23, 1964 COB)." This was plaintiff's first "Not to Exceed" appointment. Thereafter, a series of SF–50's were issued, all in the "Not to Exceed" form, extending plaintiff's appointment to July 31, 1970.

Plaintiff was notified by letter dated April 21, 1970 that he would be terminated at the expiration of his then existing time-limited appointment (July 31, 1970) due to the lack of a suitable available reassignment. After a one month extension to August 30, 1970, plaintiff's termination was implemented by an SF–50 issued September 1, 1970 under the authority of section 638 of the Foreign Service Act.

Plaintiff, contending that he was a "preference eligible employee," filed an appeal with the Civil Service Commis-

sion (the Commission) which was denied as untimely. Upon reconsideration, the Commission reopened the case and permitted the parties to file briefs on the issue of whether AID was required to separate Mr. Coster under the Veterans' Preference Act and the applicable regulations of the Commission (5 C.F.R. Part 752) or whether the Agency was authorized to separate him without regard to that statute and those regulations, under section 638 of the Foreign Service Act. The Commission also placed in issue the basic problem of whether plaintiff was entitled to appeal his separation from AID to the Commission pursuant to 5 U.C.S. § 7701 (1970). In a decision dated June 21, 1972, the Commission held that plaintiff was not protected by the Veterans' Preference Act and, consequently, that the removal action by AID was not subject to appeal to the Commission. Having exhausted his administrative remedies, plaintiff turns to this court for relief, seeking back wages allegedly due him as a result of his removal. The same issues raised before the Commission are presented in this action and are ripe for decision.

The two statutes here in issue provide conflicting provisions concerning dismissal of an employee. The Veterans' Preference Act specifies procedural safeguards which are a prerequisite to dismissal of a preference eligible employee.[1] Section 638 of the Foreign Service Act, on the other hand, empowers the Secretary of State to terminate at any time the services of any reserve officer without precondition.[2] Thus, with regard to dismissals, these statutes are inconsistent. Obviously this inconsistency is in issue only if *both* statutes are applicable to plaintiff's situation.

---

[1]. Section 7512 reads in pertinent part:

"(b) A preference eligible employee against whom adverse action is proposed is entitled to—

"(1) at least 30 days' advance written notice, except when there is a reasonable cause to believe him guilty of a crime for which a sentence of imprisonment can be imposed, stating any and all reasons, specifically and in detail, for the proposed action;

"(2) a reasonable time for answering the notice personally and in writing and for fur-

nishing affidavits in support of the answer; and

"(3) a notice of an adverse decision."

[2]. Title 22 § 1008 reads in part:

"Notwithstanding the provisions of this or any other law, the Secretary may, under such regulations as he may prescribe, terminate at any time the services of any Reserve officer or staff officer or employee serving under limited appointment * * *."

■ The Foreign Service Act applies only to Foreign Service employees serving under a *limited appointment*. Plaintiff clearly held such a position. Although he originally received an "indefinite appointment," this was changed in June 1962 and all of his subsequent appointments were of a limited nature couched in "Not to Exceed" terms. Thus, the Foreign Service Act was applicable to plaintiff. Accordingly, he was subject to termination at any time by the Secretary of State without prior notice and without a right of appeal to the Civil Service Commission.

The Veterans' Preference Act, on the other hand, applies to preference eligible employees, which are defined as *permanent* or *indefinite* preference eligibles who have completed a probationary period. 5 U.S.C. § 7511 (1970). It is plaintiff's position that, although his appointment at the time of dismissal was a *limited* one, it was also *indefinite* for the purposes of the Veterans' Preference Act. In support of this position, plaintiff cites Born v. Allen, 110 U.S.App.D.C. 217, 291 F.2d 345 (1960), in which an appointment which was "limited to four years or need of employee's services, whichever is less," qualified as "permanent or indefinite" within the meaning of the Veterans' Preference Act. This court has adhered to the *Born* reasoning in Ainsworth v. United States, 180 Ct. Cl. 166 (1967).

There is no need in this case either to challenge or to affirm the *Born* and *Ainsworth* opinions because, even if plaintiff's appointment is considered limited *and* indefinite, there is other language in the Foreign Service Act which compels the conclusion that it supersedes the Veterans' Preference Act, thus avoiding a conflict between the two laws. Such language is crucial to the disposition of this case.

■ Section 638 of the Foreign Service Act begins with the following phrase: "Notwithstanding the provi-

sions of this or any other law * * *." This clearly demonstrates that the Act was intended to supersede all previous laws including the Veterans' Preference Act. It is difficult to imagine any clearer statutory language that Congress could have employed to convey its intent that a particular statute should prevail over other possibly conflicting provisions. This court has recently held that language such as "notwithstanding the provisions of this or any other law" covers the waterfront regarding the operational scope of the statute. Guarriello v. United States, 475 F.2d 640, 642, 201 Ct.Cl. 129, 133 (1973).

Despite the foregoing, plaintiff relies heavily on the Supreme Court opinion in Cole v. Young, 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396 (1956), for the proposition that a statute alleged to cut across the Veterans' Preference Act is to be narrowly construed. In *Cole*, the Supreme Court held that the mandate of the Summary Suspension Act of 1950, as construed, was not strong enough to overcome the procedural rights of a preference eligible employee under the Veterans' Preference Act.

Although the situation in *Cole* was similar to that in the instant case, there was one critical distinguishing factor. The *Cole* Court concluded that no real conflict existed between the Veterans' Preference Act and the Summary Suspension Act as only the former statute actually applied to petitioner's situation. *Id.* at 557–558, 76 S.Ct. 861.[3] In the present case, on the other hand, as has been explained above, plaintiff's discharge was clearly authorized by the Foreign Service Act, and thus a genuine conflict between it and the Veterans' Preference Act is presented. In such a case, the mandate of the "notwithstanding" clause must be construed to make the Foreign Service Act prevail over the Veterans' Preference Act and any other apposite law.

---

3. The Court found that petitioner's position did not involve "national security," as was required by the terms of the Summary Suspension Act.

This court has also permitted another statute to "cut across" the Veterans' Preference Act. In Kirschner v. United States, 172 Ct.Cl. 526 (1965), this court held that section 621(d) of the Foreign Assistance Act (together with the implementing delegations) gave the Administrator full discretion to decide which employees of ICA should be transferred to AID without regard to the provisions of the Veterans' Preference Act. As in the instant case, section 621(d) provided that the decision as to transferring personnel rested with the President (or his delegates) "notwithstanding any other provision of law." Thus, the court's position in this case is not new, but is consistent with previous case law construing the same type of language.

In light of the foregoing, we hold the Foreign Service Act is controlling over plaintiff's dismissal. The clear statutory language necessitates a finding that Congress intended that it should govern such situations notwithstanding any other provisions of any other law. Accordingly, the Government's motion for summary judgment is granted; plaintiff's cross motion for summary judgment is denied; and the petition is hereby dismissed.