Thomas R. BUR

v.

The UNITED STATES.

No. 392–78.

United States Court of Claims.

May 14, 1980.

James A. Rubenstein, Minneapolis, Minn., Atty. of Record, for plaintiff.  O'Connor & Hannan, Minneapolis, Minn., of counsel.

Alexander Younger, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before SKELTON, Senior Judge, and KASHIWA and BENNETT, Judges.

BENNETT, Judge.

This civilian pay case is· before the court on defendant's motion for summary judgment and plaintiff's cross-motion for partial

summary judgment which were submitted without oral argument. Having considered the motions and supporting briefs, we grant defendant's motion in part and deny it in part, and grant plaintiff's motion.

Plaintiff is a geophysicist in the competitive civil service. He is employed by the United States Department of the Interior, Bureau of Mines (the Bureau), at the Twin Cities Mining Research Center (TCMRC) in Minneapolis, Minnesota. From August 1972 to August 1974 plaintiff worked for the Bureau while attending graduate classes at the branch of Missouri University at Rolla, Missouri. His salary and hours were cut during this period, first to 80 percent of full time and salary and then to 50 percent. He returned to his full-time and full-salaried position in Minnesota on or about August 26, 1974. Plaintiff now claims that these salary reductions were adverse, unjustified, and unwarranted personnel actions within the meaning of 5 U.S.C. §§ 5596, 7511 (1976) (amended 1978).

The parties do not dispute that plaintiff was not given any of the procedural rights afforded employees subject to adverse actions, as for example, an opportunity for an oral reply and notice of appeal rights. 5 C.F.R. § 752.202 (1973) (current version at 5 C.F.R. §§ 752.301, 752.404 (1979)). Thus, if these reductions were adverse actions they would, unless voluntarily accepted, be improper and would give rise to an action for back pay under the Back Pay Act, 5 U.S.C. § 5596 (1976) (amended 1978). *Shaposka v. United States*, 215 Ct.Cl. 34, 43, 563 F.2d 1013, 1018 (1977); *Gratehouse v. United States*, 206 Ct.Cl. 288, 296, 512 F.2d 1104, 1108 (1975), *cert. denied*, 434 U.S. 955, 98 S.Ct. 480, 54 L.Ed.2d 313 (1977). We note the parties seem to have assumed all along that a reduction in the number of hours of duty per week with a corresponding reduction in total pay constitutes a "reduction in pay" which may, without more, be an adverse action. FPM Supp. 752–1 § S1–5(b)(3). This is so even though the hourly rate of basic pay for the position remains the same. § S1–5(b)(3). Further, the parties agree that if such a pay reduction was voluntary on the part of the employee, it would not be an adverse action and so not subject to adverse action procedures. FPM Supp. 752–1 § S1–2(a)(1). The major dispute between the parties is thus whether or not these pay reductions were voluntary on plaintiff's part.

■ We first consider the reduction to 80 percent of full time and salary. The surrounding facts are as follows. Plaintiff was unhappy about his work at the Bureau because management had chosen to de-emphasize the particular line of research in which plaintiff was most interested. When he discovered that such research was being conducted at Missouri University in Rolla, Missouri, he decided to seek a transfer to Rolla so he could participate in that research. He applied for and received written authorization to go to Missouri. However, he was told that he might not be able to receive full-time pay. This is evidenced by a letter plaintiff wrote to one of his superiors which says, "Syd [Dr. Syd Peng, another of plaintiff's superiors] had expressed doubt that they would have money to pay me for more than 50% of full time!" In this same letter, plaintiff insisted on paying for his own school and moving expenses because, he said, "this schooling was my idea." Plaintiff moved to Rolla in August 1972. There he drew up a proposed schedule. This schedule provided for certain hours of classes at the University and, during nonclass hours, for 32 hours of work each week for the Bureau. This schedule was approved by the Bureau and accordingly his salary was reduced to 80 percent of full time on September 3, 1972. Plaintiff did not protest the reduction until September 1974.

On the basis of this evidence defendant moves for summary judgment on the ground that the pay reduction was voluntary. Plaintiff's only response is that he was deceived by his superiors into taking the reduction in pay. An otherwise voluntary pay reduction may be considered an adverse action if based on the deception of the employee's superiors. FPM Supp. 752–1 § S1–2(a)(1).

Plaintiff claims that his superiors induced him to go to Rolla in order to get rid of him. Yet plaintiff's own brief and affidavit submitted in support of his brief, as well as the above-quoted letter, indicate that going to Rolla was entirely his own idea and an action which he initiated. Plaintiff also claims that he had been promised full-time work during the 2-week winter break from classes and during the summer. Again, there is nothing to support this contention, only evidence to the contrary. We have before us plaintiff's own letter to the Bureau asking to work full time over the winter break "if possible." In an attempt to avoid summary judgment, plaintiff offers his own affidavit. Notably absent from it are any allegations that his superiors promised or even hinted that he would get full-time pay during the winter or summer breaks. Plaintiff does say that he was expecting full-time work but a unilateral expectation hardly amounts to deception on the part of his superiors. We do not find defendant acted in bad faith.

Thus, plaintiff cannot withstand the summary judgment motion against him on this issue. Ct.Cl. Rule 101(f). We hold that the reduction to 80 percent of full time and salary was voluntarily offered and accepted without deception on defendant's part and was not an adverse action. Plaintiff's claim for back pay during the reduction to 80 percent must fail.

■ The facts are different for the reduction to 50 percent of full time and pay. After a year at Rolla, plaintiff expressed a desire to return to TCMRC in Minnesota and full-time work. His request was denied. Instead, on or about July 1, 1973, his superiors unilaterally ordered his work hours and pay further reduced to 50 percent of full time because it was difficult to fit him into then current TCMRC work plans. There was nothing voluntary about this reduction so far as plaintiff was concerned. He repeatedly and unsuccessfully sought full-time reemployment at TCMRC. Thus, it was an adverse action under the law, although perhaps inadvertent as it may not have been intended as such. 5 C.F.R.

§ 752.201 (1973) (current version at 5 C.F.R. § 752.301 (1979)); FPM Supp. 752–1 § S1–5(b)(3). Defendant does not dispute that plaintiff was not given any adverse action procedural rights. 5 C.F.R. § 752.202 (1973) (current version at 5 C.F.R. §§ 752.301, 752.-404 (1979)). The failure to give those rights, absent the element of voluntary acceptance or waiver, gives rise to an action for back pay, as heretofore noted.

Defendant seeks to interpose two additional obstacles to recovery in addition to its claim that the pay reductions were voluntary. The first is that plaintiff failed to exhaust his administrative remedies. Actually, plaintiff did write the Civil Service Commission in September 1974, long after his pay reductions. His letter contained a great many complaints, largely directed at the way TCMRC was managed. A single sentence refers to his "finances" for the time he spent in Missouri, but it is buried in the mass of other material. Not surprisingly, the CSC considered the letter to be only a grievance and so referred plaintiff back to his own agency's grievance procedures. Thus, there has been no administrative determination on the merits of plaintiff's claim for back pay.

■ Normally, failure to exhaust administrative remedies properly in civilian pay cases is a bar to the assertion of claims in this court. *McCormack v. United States,* 204 Ct.Cl. 371, 374 (1974); *Grover v. United States,* 200 Ct.Cl. 337, 345 (1973); *Pine v. United States,* 178 Ct.Cl. 146, 149, 371 F.2d 466, 467–68 (1967); *Adler v. United States,* 134 Ct.Cl. 200, 203, 146 F.Supp. 956, 958, *cert. denied sub nom. Baker v. United States,* 352 U.S. 894, 77 S.Ct. 131, 1 L.Ed.2d 87 (1956). However, we have held that when the Government's fault contributes to the failure to exhaust, an exception to the bar may be made. *Gentry v. United States,* 212 Ct.Cl. 1, 546 F.2d 343 (1976); *Ainsworth v. United States,* 180 Ct.Cl. 166 (1967). Failure to inform the plaintiff of his appeal rights, as occurred here, is such fault as may warrant an exception. *Gentry, supra; Ainsworth, supra.* Plaintiff cites both *Gentry* and *Ainsworth* but defendant does not

even respond to those cases, much less distinguish them. We hold that failure to exhaust is no bar in this case.

 Defendant last asserts laches as a defense. Again, we have often applied laches in civilian pay cases. *E. g., Earnhardt v. United States*, 210 Ct.Cl. 741 (1976); *Smith v. United States*, 209 Ct.Cl. 685 (1976); *Bell v. United States*, 207 Ct.Cl. 1021 (1975). Yet we do not think laches applies in this case. Plaintiff pursued administrative relied until May 1975. He filed suit in this court over 3 years later, on August 31, 1978. However, plaintiff was reinstated to his full-time position in 1974. Since reinstatement, no unpaid salary has been accumulating and defendant has not been paying someone else to do plaintiff's work during that time. The delay is also attributable, in part, to the Government, which failed to inform plaintiff of his appeal rights. Also, defendant has failed to show any specific prejudice to itself by the delay. Defendant only claims that certain papers in a grievance file might have been lost. Defendant does not even claim the papers have been lost for certain. Indeed, many such papers are attached to defendant's brief. It is not clear why papers in a grievance file created after plaintiff had been reinstated are relevant to this back pay case. On the exhaustion issue, defendant argued strongly that plaintiff's grievance letters were so unrelated to back pay that they could not be considered pursuit of administrative remedies. Thus, laches is no bar here where the element of prejudice to defendant is not specifically established, and we are shown no basis for presuming it. *Detling v. United States*, 193 Ct.Cl. 125, 131–32, 432 F.2d 462, 465–66 (1970); *Chappelle v. United States*, 168 Ct.Cl. 362, 366–67 (1964).

We hold that plaintiff is entitled to recover for the period during which his pay was reduced to 50 percent of full salary, from on or about July 1, 1973, to on or about August 26, 1974. His motion for partial summary judgment for that period is granted. Defendant's motion for summary judgment is denied as to that period but granted as to the reduction to 80 percent of full salary. Plaintiff's recoverable back pay will be based on the difference between 80 percent of full salary and 50 percent. The papers before us are not sufficient to calculate the correct amounts due plaintiff. We therefore remand the case to the trial division to determine the amount of recovery due plaintiff pursuant to Ct.Cl. Rule 131(c).