824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Emilio D. COLON-RIVERA, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 Appeal No. 87-3142.
 United States Court of Appeals, Federal Circuit.
 June 9, 1987.
 
 Before MARKEY, Chief Judge, and NEWMAN and BISSELL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, MSPB Docket No. SF07528610599, dismissing the petition of Mr. Colon-Rivera, is affirmed.
 
 OPINION
 
 2
 Petitioner was separated from his position as a Training Instructor, a position in the excepted service, having served less than one year. Petitioner appealed to the Merit Systems Protection Board ("Board"), asserting wrongful discharge based on discrimination because of marital status and political affiliation, personal malice and retaliation, and violation of First and Fifth Amendment rights.
 
 
 3
 The Board, on the ground that petitioner was a probationary employee in the excepted service, held that by virtue of 5 U.S.C. Secs. 7511(a)(1) and 4303(f)(3) petitioner had no statutory right of appeal, and dismissed the petition. The Board held, correctly, that appeal on the basis of alleged discrimination due to marital status or political affiliation is by statute not available to probationary employees in the excepted service. 5 C.F.R. Secs. 315.806, 210.101(b). Mr. Colon-Rivera cites Ainsworth v. United States, 180 Ct.Cl. 166 (1967), a case concerned with a "permanent or indefinite" preference eligible employee, and not controlling with respect to probationary employees.
 
 
 4
 The Board was also correct in its holding that absent an otherwise appealable action, it has no authority to review the petitioner's charges of prohibited personnel practices. Saunders v. Merit Systems Protection Board, 757 F.2d 1288, 1290 (Fed.Cir.1985); 5 U.S.C. Sec. 2302(b).
 
 
 5
 Petitioner agrees that the applicable statutes and regulations deny appeal rights to probationary employees in the excepted service, but argues that since probationary employees in the competitive service do have appeal rights on certain limited bases, the due process and equal protection constitutional guarantees of himself and others in the same category are violated.
 
 
 6
 We have considered whether petitioner has presented a bona fide constitutional claim, for a violation of fundamental rights can not be authorized by statute or regulation. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). The government states that the Supreme Court in Sampson v. Murray, 415 U.S. 61, 80-82 (1973) sustained the practice of creating different protections for different classes of public employees. Not quite. The Court in Murray indeed discussed that Congress has created such classes, has authorized periods of probation, and has recognized that probationary employees have fewer procedural safeguards under the personnel laws. But no constitutional issue was there raised or decided.
 
 
 7
 It is insufficient for petitioner merely to assert that he is a member of a class subject to different laws or regulations than members of another class. Petitioner has not explained how that situation violates his fundamental constitutional rights. So grave a challenge to laws in long existence requires some minimum substantiation of their asserted illegality. Petitioner has presented no support for his allegations, and has not raised a justiciable constitutional issue.